IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | |
|---|---|
| UNITED STATES OF AMERICA, | : Case No. 1:24-cr-117 |
| Plaintiff, | : Judge Matthew W. McFarland |
| v. | : |
| DAMEON CEASAR, | : |
| Defendant. | : |

## ORDER AND OPINION

This matter is before the Court on Defendant's Motion for Bond (Doc. 21), to which the Government filed a Response in Opposition (Doc. 24). Thus, this matter is ripe for the Court's review. For the reasons below, Defendant's Motion for Bond (Doc. 21) is **DENIED**.

## FACTS

On November 6, 2024, a grand jury indicted Defendant Dameon Ceasar for: (1) Possession with Intent to Distribute a Controlled Substance in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 18 U.S.C. § 2; (2) Possession of a Firearm in Furtherance of an Offense in violation of 18 U.S.C. § 924(c)(1)(A); and (3) Possession of a Firearm by a Prohibited Person in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 18 U.S.C. § 2. (*See* Indictment, Doc. 5.) Pretrial services recommended that Defendant be detained in light of the nature of the alleged offense, his violent criminal history, prior non-compliance with supervision, and substance abuse history. (Pretrial Services Report, Doc. 15, Pg. ID

28.) The Magistrate Judge detained Defendant after holding a detention hearing on November 12, 2024. (11/12/2024 Minute Entry.)

## LAW & ANALYSIS

The Court reviews a magistrate judge's detention orders de novo. *United States v. Yamini*, 91 F. Supp. 2d 1125, 1129 (S.D. Ohio 2000). Under 18 U.S.C. § 3142(e), a defendant may be detained pending trial only if a judicial officer "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." The factors relevant to determining whether a defendant may be released on bond are: (1) the nature and circumstances of the offense charged, (2) the weight of the evidence against the defendant, (3) the history and characteristics of the defendant, and (4) the seriousness of danger that the defendant's release would pose to any person or the community. 18 U.S.C. § 3142(g).

Where, as here, there is probable cause to believe the defendant committed a drug crime under the Controlled Substances Act, 21 U.S.C. § 801 et seq., for which he could be required to serve 10 or more years in prison, there is a rebuttable presumption that no condition or combination of conditions of release will reasonably assure the defendant's appearance at court proceedings and the safety of the community. 18 U.S.C. 3142(e)(3)(A); *see also United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985) (explaining that a grand jury's indictment is sufficient to establish probable cause that defendant committed the drug crime for which he is charged). The Court considers each of the § 3142(g) factors in turn.

The nature and circumstances of the offense involve allegations of illegal drug and firearm possession. (*See* Indictment, Doc. 5.) If convicted, Defendant faces a lengthy prison sentence of up to 20 years. 21 U.S.C. § 841(b)(l)(C).

The second factor speaks to the weight of the evidence of dangerousness or flight risk, rather than the evidence of a defendant's guilt. *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 20210). Here, Defendant has a history of violent crime, extending back to when he was 18 years old. (Pretrial Service Report, Doc. 15, Pg. ID 25.) Some of his prior convictions include involuntary manslaughter, carrying a concealed weapon, and having weapons under disability. (*Id.* at Pg. ID 25-27.) He also has failed to appear in court on five separate occasions. (*Id.* at Pg. ID 27.)

The third factor concerns the history and characteristics of a defendant. Courts often consider a person's "physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings." 18 U.S.C. § 3142(g)(3)(A). Defendant has a history of substance abuse, an extensive criminal history, and a troubling history of failing to attend court dates. (Pretrial Service Report, Doc. 15, Pg. ID 25-27.)

Finally, the Court evaluates "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g)(4). The Gun Control Act sought to "keep firearms away from the persons Congress classified as potentially irresponsible and dangerous." *Barret v. United States*, 423 U.S. 212, 218 (1976). "Because this factor goes to the danger that a defendant might

3

continue to engage in criminal activities, a defendant's penchant for combining firearms and drugs demonstrates his danger to the community." *United States v. Coleman*, No. 23-1445, 2023 U.S. App. LEXIS 18144, at *5-6 (6th Cir. July 17, 2023) (quotation omitted).

Together, these factors support detention. Defendant's sole argument for bond is that he was shot five times in his hand and leg, and underwent surgery on June 28, 2024. (Motion, Doc. 21, Pg. ID 45.) Therefore, he seeks release to treat his leg pain. (*Id.*) Defendant also notes that he is willing to be placed under home detention and that he can stay at a friend's residence if granted bond. (*Id.*) Although the Court sympathizes with Defendant's pain, it is insufficient to warrant release in light of the factors examined above. Moreover, Defendant has failed to provide information to rebut the presumption that no conditions will reasonably assure his appearance at court proceedings or the community's safety.

## CONCLUSION

Accordingly, the Court concludes that no set of conditions of release would reasonably assure Defendant's appearance and the safety of the community. *See* 18 U.S.C. § 3142(g). Thus, Defendant's Motion for Bond is **DENIED**.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: /s/ Matthew W. McFarland
JUDGE MATTHEW W. McFARLAND

4